UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No. 06-CR-217

LOGAN S. HEINRICH,

    Defendant.

**ORDER DENYING MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE**

Defendant Logan S. Heinrich has filed a motion requesting early termination of his supervised release. On December 11, 2006, Heinrich entered guilty pleas to one count of conspiracy to distribute 50 kg or more of marijuana of in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii), and 846, and three counts of money laundering to avoid filing transaction reporting requirements in violation of 18 U.S.C. §§ 1956(a)(1)(B)(ii) and 2. On March 21, 2007, the Court imposed a sentence of 42 months imprisonment to be followed by seven years of supervised release. The minimum term of supervised release was three years. The Court imposed a greater term because of the long-standing history and sophisticated nature of Heinrich's criminal conduct.

Heinrich was released from prison and began supervised release in June of 2009. In July of 2009 he was given a citation for having an intoxicant in a vehicle and failed to report the police conduct to his probation agent. One year later he again consumed alcohol. Other than these violations, however, Heinrich's transition back to the community has been exemplary. He has

obtained full-time employment, paid off the fine and mandatory assessment, and is now embarked on a masters program at the University of Wisconsin-Milwaukee. He is also in the process of attempting to purchase a home in the Grafton area to minimize the commute to his employment. Based upon his progress, Heinrich's supervision is minimal. He is asked to submit monthly reports by mail and occasionally a random visit is made to his home by his probation agent. He has completed the required AODA counseling and no more drug testing is being done based on the absence of any positive tests. He has also established a payment plan with the IRS for back taxes owed with regard to his prior business. Based upon these facts, Heinrich argues that his supervised release should be terminated.

Both Heinrich's agent and the government oppose the motion, emphasizing the early violations. The government notes that since the Court imposed a period of seven years of supervised release and he has only completed two years without violations, the motion should be denied.

The Court is in agreement that more than the two years without violations should be required before termination of supervised release is granted. This is not to say, however, that Heinrich should be expected to serve the full seven years. The past two years have been exemplary and, frankly the Court frequently imposes supervised release at the high end, noting that it does have the authority to terminate the supervision early should the defendant's conduct merit such action. Here, over the past two years, it would appear that Heinrich's conduct does merit such consideration. Far from barely simply meeting the conditions of supervision, he has obtained full-time employment, paid off his fine and has embarked on an effort to further his education. Certainly anyone on supervision is expected to use their best efforts to obtain full-time employment and to pay off any

2

Case 1:06-cr-00217-WCG    Filed 10/23/12    Page 2 of 3    Document 39

financial obligations they have. All too frequently, however, the Court is met with effort only and no real results. The fact that Heinrich has succeeded in these efforts suggests that he is a good candidate for early termination.

Before considering such a request, however, the Court would expect violation-free conduct for at least the three year minimum required under the statute given the nature and extent of criminal conduct involved here. Accordingly, the Court will deny Heinrich's motion at this time, but encourages him to continue the positive conduct and renew his motion if there are no further violations next year. From the record before the Court, it does not appear that continuation on supervision causes any hardship on Heinrich or interferes in any way with the positive adjustments he has made. Given that fact, waiting an additional year before granting the relief he has requested would appear reasonable. Accordingly, the motion is denied.

**SO ORDERED** this   23rd   day of October, 2012.

s/ William C. Griesbach
William C. Griesbach
United States District Judge